UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | NO: 08-0148 |
| QUEBAN LEE, UNA FAVORITE BROWN, MELINDA LANGLEY, ERNESTINE GIROR | SECTION: "S" (1) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Una Favorite Brown's motion to dismiss is **GRANTED**. (Document # 123).

**IT IS FURTHER ORDERED** that the government elect which counts it will pursue at trial and dismiss the count or counts, which do not charge separate and distinct acts.

## BACKGROUND AND DISCUSSION

On August 22, 2007, agents of the Federal Bureau of Investigation and the Department of Health and Human Services interviewed Una Favorite Brown, a kindergarten teacher, at Ames Elementary School in Marrero, Louisiana. The agents questioned Brown about "A New Beginning New Orleans," a company that provided personal care services to children and billed Medicaid for the services. Brown was previously employed by "A New Beginning New Orleans" and worked with two children, "EnMo" and "LoMo."

Employees of "A New Beginning New Orleans" documented their work biweekly by filling out timesheets for the dates and hours worked and a day-by-day checklist of personal care services provided to an enrolled child. Among the services listed were assistance with shampooing the child's hair and assistance with dressing and undressing.

Following the August 22, 2007, interview, Brown was charged, *inter alia*, with making false statements to the representatives of agencies of the United States, in violation of 18 U.S.C. § 1001, in counts 76, 77, and 78 of an indictment. Specifically, count 76 charges that on August 22, 2007, "UNA FAVORITE BROWN falsely stated that she was with the Morales children for two hours each and every day totaling 4 hours each day for not more than one year"; count 77 charges that on August 22, 2007, "UNA FAVORITE BROWN falsely stated that she performed every service documented in the time sheets with her signatures"; and count 78 charges that on August 22, 2007, "UNA FAVORITE BROWN falsely stated that she washed the Morales boys' hair 2-3 times per week and assisted them with dressing and undressing."

Brown filed a motion to dismiss counts 76, 77, and 78 as multiplicitous, in violation of the Double Jeopardy Clause and the Due Process Clause. She argues that her right against double jeopardy is violated because she is charged with a single offense in multiple counts. Further, Brown contends that her due process rights are violated because the multiplicitous charges improperly prejudice the jury by suggesting that she has committed not one, but several crimes.

The government argues that count 76 addresses the amount of time that Brown spent with the children, whereas counts 77 and 78 concern the services provided by Brown. The

government argues that Brown theoretically could have spent the time with the children without providing the documented services or, conversely, provided the services without spending four hours with the children.

"An indictment is multiplicitous if it charges a single offense in multiple counts, thus raising the potential for multiple punishment for the same offense, implicating the Fifth Amendment Double Jeopardy Clause." United States v. Brechtel, 997 F.2d 1108, 1112 (5th Cir. 1993). Where "the question of multiplicity arises because of a multipart transaction, the question becomes whether separate and distinct prohibited acts, made punishable by law, have been committed." United States v. Cluck, 143 F.3d 174, 179 (5th Cir. 1998).

The court concludes that counts 77 and 78 are not separate and distinct from one another. Count 77 includes "every service documented in the time sheets." This allegation includes washing hair and assistance with dressing, which are listed on the "personal care service" daily schedule and charged in count 78. To the extent that count 76 concerns only the time reported on the time sheets, rather than the services performed, it is separate and distinct.

Accordingly, the indictment is multiplicitous, and the government is ordered to elect which of the counts it wishes to pursue at trial and dismiss the count or counts that do not charge separate and distinct acts.

New Orleans, Louisiana, this  18th  day of February, 2009.

*[signature]*
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

3